Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807-7051
406-721-1435
tim@bechtoldlaw.net

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| JASON HOOVER, | ) CV-2024-20-BU-BMM |
| | ) |
| Plaintiff, | ) **FIRST AMENDED COMPLAINT AND** |
| vs. | ) **JURY DEMAND** |
| | ) |
| ACT FAST BAIL BONDS LLC, LACY HUBBER, and DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

Plaintiff alleges as follows:

1. Jason Hoover is a citizen of the State of Montana.

2. Lacy Hubber is a citizen of the State of Montana and a resident of Silver Bow County.

3. Act Fast Bail Bonds LLC is a Montana limited liability company with its principal place of business in Butte, Silver Bow County, Montana.

4. Based on information and belief, Doe 1 and Doe 2 are citizens of the State of California.

5. Defendants Does 3-10 are individuals whose true identities and capacities are as yet unknown to Plaintiff and his counsel, despite diligent inquiry and investigation, and who acted herein as described more particularly below in connection with the breaches of duties and/or violations of law alleged here and who in some manner or form not currently discovered or known to Plaintiff may have contributed to or be responsible for the injuries alleged here. The true names and capacities of the Doe Defendants will be substituted as they become known.

6. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because Plaintiff Jason Hoover is a citizen of the State of Montana and Defendants Doe 1 and Doe 2 are citizens of the State of California and the amount in controversy exceeds $75,000.

7. On or about September 26, 2023, Plaintiff Jason Hoover was in Salyer, Humboldt County, California.

8. Jason Hoover had a warrant out for his arrest for absconding from Gallatin County, Montana.

9. Doe 1 and Doe 2, acting on the behest of Defendant Act Fast Bail Bonds and Defendant Lacy Hubber, confronted Jason Hoover near the Salyer Market.

10. Doe 1 and Doe 2 tackled Jason Hoover; punched and kicked him numerous times; tasered him multiple times; fractured several of his ribs with a knee drop; dislocated his right shoulder and injured his right rotator cuff; and smashed his head with a pistol, causing a laceration on Jason Hoover's skull that required 18 staples to close.

11. Doe 1 and Doe 2 took Jason Hoover to a hospital in Weaverville, California, where Jason Hoover was treated for the injuries inflicted by Doe 1 and Doe 2.

12. Based on information and belief, Doe 1 and Doe 2 then took Jason Hoover to Winnemucca, Nevada, where Defendant Lacy Hubber took control of Jason Hoover and transported him to Bozeman, Gallatin County, Montana.

13. Jason Hoover continues to suffer from the injuries inflicted on him by Doe 1 and Doe 2.

## COUNT 1
## NEGLIGENCE

14. Plaintiff hereby incorporates all previous paragraphs.

15. At all times pertinent to this Complaint, Defendants were acting in the course and scope of their employment.

16. At all times pertinent to this Complaint, Defendants were subject to a duty of ordinary care. Defendants acted unreasonably and violated their duty of ordinary care.

17. The conduct of Defendants as set forth in this Complaint does not comply with the expected standard of care, and included negligent use of excessive force; and negligent performance of duties.

18. As a direct and proximate result of Defendants' negligence, Jason Hoover suffered injuries.

## COUNT 2
## ASSAULT AND BATTERY

19. Plaintiff hereby incorporates all previous paragraphs.

20. Doe 1 and Doe 2 intentionally made harmful or offensive contact with Jason Hoover. Their use of force exceeded any necessary force.

21. Doe 1 and Doe 2's intentional acts constituted assault and battery upon

Jason Hoover, and directly and proximately caused injuries to Jason Hoover.

## COUNT 3
## INFLICTION OF EMOTIONAL DISTRESS

22. Plaintiff hereby incorporates all previous paragraphs.

23. Defendants' negligent or intentional acts and omissions described here caused Jason Hoover to suffer serious or severe emotional distress that no reasonable person would be expected to endure.

24. Any normal person in Jason Hoover's situation would have experienced severe emotional distress as Jason Hoover has.

25. As a direct and proximate result of Defendants' conduct, Jason Hoover suffered, and continue to suffer, serious and severe emotional distress that was a reasonably foreseeable consequence of Defendants' negligent or intentional acts and omissions, entitling Jason Hoover to damages.

## RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to grant the following relief:

1. For damages in a reasonable amount to compensate Plaintiff fully for all of

his injuries and damages;

2. For attorneys' fees;

3. For reimbursement of costs and expenses of suit; and

4. For such further relief as the Court deems fair and just.

**JURY DEMAND**

Plaintiff Jason Hoover demands a trial by jury on all issues so triable.

DATED this 1st day of May, 2024.

/s/ Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC